Anthony J. SMITH, Petitioner–
Appellant,

v.

Robert FURLONG; and Attorney
General of the State of Colorado,
Respondents–Appellees.

No. 02–1489.

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 2003.

Anthony J. Smith, # 56780, Sterling,
CO, for Petitioner–Appellant.

Ken Salazar, Attorney General, State of
Colorado Department of Law, Denver, CO,
for Respondents–Appellees.

Before EBEL, HENRY, and HARTZ,
Circuit Judges.

## ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously to decide this case on the briefs
without oral argument. *See* Fed. R.App.
P. 34(a)(2). The case is therefore ordered
submitted without oral argument.

Anthony J. Smith, a state prisoner pro-
ceeding pro se, requests a certificate of
appealability (COA) so that he may appeal
the district court's denial of his 28 U.S.C.
§ 2254 habeas petition. He also seeks
permission to proceed in forma pauperis
(IFP). In his § 2254 petition, Mr. Smith
argues that his continued incarceration vi-
olates his rights to due process, equal pro-

tection, and liberty. The district court
determined that Mr. Smith remains validly
in custody based on the revocation of his
parole and denied his petition. For the
reasons stated below, we deny Mr. Smith's
request for a COA and dismiss the appeal.

In 1987, Mr. Smith was serving a four-
teen-year sentence in a Colorado prison
for first degree assault when he received
an additional two-year sentence for at-
tempted escape. He was paroled in May
1993, and subsequently remained on parole
for two years and nine months until his
parole was revoked. He was paroled
again in August 1997, until that parole was
revoked in January 1999 for escape from
parole. He received a sentence of eight
years in prison followed by five years man-
datory parole for his escape from parole.

Mr. Smith asserts that upon his parole
for the first degree assault and attempted
escape convictions, he should have re-
ceived credit for his time served while on
parole. He also contends that once parole
is granted, the prior sentence "had to be
seen as discharged." Aplt's Br., adden-
dum at 5. Colo.Rev.Stat. Ann § 17–22.5–
101 states that "when any inmate has been
committed under several convictions with
separate sentences, the department shall
construe all sentences as one continuous
sentence." Mr. Smith claims that under
that statute, to reincarcerate him for a
sentence that has been discharged is un-
constitutional.

As an initial matter, we note that al-
though both Mr. Smith and the district
court treated his habeas corpus petition as
a § 2254 petition, because Mr. Smith is
challenging the implementation of his sen-
tence, rather than the validity of the un-

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of

orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

derlying conviction, his petition is properly characterized as a 28 U.S.C. § 2241 petition. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir.2000). Because the merits of Mr. Smith's petition are the same under either statute, there is no need to remand to the district court. *See id.* at 865.

Because Mr. Smith is a state prisoner, he must obtain a COA to appeal the denial of a § 2241 petition. *See id.* at 868–69. To be entitled to a COA, Mr. Smith must make a "substantial showing of the denial of a constitutional right." *Id.* at 868 (quoting 28 U.S.C. § 2253(c)(2)). He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Even applying a liberal construction of Mr. Smith's pro se pleadings, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), his arguments fail. Colorado law provides, by statute, that, upon the revocation of parole,

> (1) [t]he paroled inmate, upon an order of the state board of parole, may be returned to the custody of the department according to the terms of his original sentence, and, in computing the period of his confinement, the time between his release and his return to said custody *shall not be considered any part of the term of his sentence.*
>
> (2) *Parole shall not be construed in any sense to operate as a discharge of any inmate paroled under the provisions of law* but simply a permit to any such inmate to go outside a correctional facility.... If the said paroled inmate is returned to the department, he shall serve out his original sentence, as provided for in this part 2.

Colo.Rev.Stat. Ann § 17–22.5–203(1)–(2) (West 2000) (emphasis added). Mr. Smith argues that once his sentences for first degree assault and attempted escape have been combined for the determination of a parole eligibility date, this combined sentence could not be reimposed after the revocation of parole. Because parole is not a discharge but merely a permit to go outside the correctional facility, *see id.,* this assertion lacks merit.

Accordingly, we DENY Mr. Smith's request for a COA, we DENY his motion for IFP, and we DISMISS the appeal.